# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00737-CR

**Bruce Hicks, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 7TH DISTRICT COURT OF SMITH COUNTY
### NO. 007-0774-18, THE HONORABLE KERRY L. RUSSELL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On October 14, 2019, appellant Bruce Hicks, Jr., filed a notice of appeal of a judgment of conviction for delivery of a controlled substance of 400 grams or more out of Smith County, Texas, that was entered on September 27, 2018,

The criminal appellate jurisdiction vested in this Court by the Texas Constitution and the Code of Criminal Procedure is limited to counties in this Court's appellate district. *See* Tex. Const., Art. V, § 6 (providing that courts of appeals "shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); Tex. Code Crim. Proc. arts. 4.01 (establishing criminal jurisdiction in criminal actions in courts of appeals), 4.03 (providing that courts of appeals "shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed"). Smith County

lies outside this Court's district. *See* Tex. Gov't Code § 22.201(d) (listing counties in Third Court's district), (m) (including Smith County in list of counties in Twelfth Court's district). Thus, because Smith County lies outside of our district, we have no appellate jurisdiction in this matter. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed:   January 15, 2020

Do Not Publish